UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ODIN NORDHEIM,<br><br>        Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE BANK N.A.,<br><br>        Defendant. | Case No. 25-cv-04781-LB<br><br>**SCREENING ORDER**<br>Re: ECF No. 1 |

**INTRODUCTION AND STATEMENT**

Plaintiff Odin Nordheim, who is proceeding pro se and in forma pauperis, sued defendant JP Morgan Chase Bank, alleging discrimination based on his disability and asylum status and financial-disclosure violations, with resulting harm to his emotional wellbeing and his credit rating, generally because Chase closed his bank account and refused to reopen it. When he tried to deposit and withdraw funds from his Chase account, a Chase teller humiliated him by questioning him publicly. A security guard approached him aggressively, which made him feel unsafe. Chase then closed his account without notice, issued him a check for his account balance of $77.56, and did not respond to his requests for an apology or explanation.[1] The plaintiff can no longer access

---

[1] Compl. – ECF No. 1 at 3–5. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-cv-04781-LB

banking services because Chase will not allow him to open a new account, and other banks have rejected his attempts to open accounts, possibly because Chase shared his information with them.[2] The plaintiff struggles to access services and participate in society, and he is vulnerable to further hardship and risk based on his inability to access the financial system.[3]

The plaintiff identifies two claims against Chase.

The first claim lists "42 U.S.C. § 1981; ADA (42 U.S.C. §§ 12101 et seq.), FCRA (15 U.S.C. § 1681 et seq.), and GLBA (15 U.S.C. § 6801 et seq.)," and explains that (1) 42 U.S.C. § 1981 gives the plaintiff the same rights to contract and receive services as any other citizen, (2) the ADA requires access to services for disabled people for public services, (3) the Fair Credit Reporting Act (FCRA) and Graham-Leach-Bliley Act (GLBA) protect against wrongful sharing of his financial information, (4) California's Unfair Competition Law (UCL) and Unruh Act ban discrimination by businesses, and (5) the Fourteenth Amendment protects equal access and due process under law.[4]

The second claim lists "42 U.S.C. § 1981; ADA (42 U.S.C. §§ 12101 et seq.); FCRA (15 U.S.C. § 1681 et seq.), GLBA (15 U.S.C. § 6801 et seq.); UCL (Cal. Bus. & Prof. Code § 17200); Unruh Act (Cal. Civ. Code § 51); and 14th Amend[ment]" and explains that (1) the laws protect his rights to access banking, receive equal treatment, and keep his financial data safe, (2) the teller questioned him publicly, causing humiliation, (3) the security guard made him feel unsafe, and (4) Chase closed his account, barred new accounts, and may have reported his negative record to other banks, causing them to reject his attempts to open accounts. As a result, his financial reputation and creditworthiness suffered, he is anxious, overwhelmed, distressed, and humiliated, and he believes the treatment — which effectively excluded him from the financial system — was due to his disability and asylum status.[5]

The plaintiff asks for $10 million in damages, litigation costs, an apology, and an injunction

---

[2] *Id.* at 4, 6.

[3] *Id.* at 7.

[4] *Id.* at 5.

[5] *Id.* at 5–6.

against further discrimination or blacklisting, among other requests.[6]

Before directing the United States Marshal to serve the defendant with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The court issues this screening order to give the plaintiff notice of the deficiencies in his lawsuit and an opportunity to cure them by filing a supplement to his existing filing by July 28, 2025, or the court will recommend dismissing the case. The deficiency generally is that the plaintiff does not allege facts supporting legally cognizable claims.

## STANDARD OF REVIEW

### 1. Federal Jurisdiction

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A plaintiff must show either federal-question jurisdiction or diversity jurisdiction. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Federal-question jurisdiction exists if a case arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction exists if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a).

### 2. IFP Review

Before a court can direct the U.S. Marshal to serve — under Fed. R. Civ. P. 4(c)(2) — the complaint of a person proceeding in forma pauperis under 28 U.S.C. § 1915(a), the court must determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The in forma pauperis statute "is designed largely to discourage the filing of, and waste of

---

[6] *Id.* at 8.

judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. The complaint is not frivolous.

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (cleaned up).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only

ORDER – No. 25-cv-04781-LB                4

provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

## ANALYSIS

The plaintiff cites federal and state statutes — summarized above — that can be divided into several buckets: discrimination based on disability and asylum status, also resulting in an interference with the plaintiff's 42 U.S.C. § 1981 right to contract, wrongful disclosure of financial information, and other state claims.

**1. Discrimination Based on Asylum Status and Disability**

Different statutes may allow the claims.

42 U.S.C. § 1981 prohibits racial discrimination through state and private action. *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). A person cannot "face disadvantage in the activities protected by § 1981 solely because of his or her alien status." *Sagana v. Tenorio*, 384 F.3d 731, 738 (9th Cir. 2004) (does not prohibit disability discrimination).

Title III of the ADA prohibits discrimination based on disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of an place of public accommodation by a person who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a); *Gilstrap v. United Airlines, Inc.*, 709 F.3d 995, 1002 (9th Cir. 2013). "[A] plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010); *see Scott v. Citizens Bank*, No. 2:18-CV-600, 2020 WL 2744105 (W.D. Pa. May 27, 2020) (noting that only

injunctive relief is available against banks under Title III of the ADA, where 42 U.S.C. § 12181(7)(f) defines public accommodations to include banks).

An ADA violation also is a violation of California's Unruh Act. Cal. Civ. Code § 51(f).

The plaintiff must provide more information about his asylum status and his disability and how Chase would have known about them.

### 2. Wrongful Financial-Disclosure Claims

First, the plaintiff claims a violation of the Gramm-Leach-Bliley Act by Chase's disclosing his financial information to other financial institutions. The Act does not contain a private right of action, but there are potential privacy claims under the California Financial Information Privacy Act, Cal. Fin. Code § 4052.5. *BGC, Inc. v. Bryant*, No. 22-cv-04801-JSC, 2023 WL 4138287, at *2 (N.D. Cal. June 21, 2023). Section 4052.5 "prohibit[s] financial institutions from disclosing nonpublic personal information with 'nonaffiliated third parties.'" *Park v. Wells Fargo Bank*, No. C 12-2065 PJH, 2012 WL 3309694, at *4 (N.D. Cal. Aug. 13, 2012).

Second, the plaintiff claims a violation of the FCRA. "Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). To ensure credit reports are accurate, the FCRA requires persons that provide credit information to consumer reporting agencies to do so accurately. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009).

The plaintiff does not allege any facts showing disclosure of his credit information and pleads only his suspicions. He must say more to support his claims.

### 3. Fourteenth Amendment Claim

There is no government action, a necessary predicate to a Fourteenth Amendment claim. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).

### 4. State Claims

The plaintiff asserts federal-question jurisdiction only.[7] Without a federal claim, the court lacks supplemental jurisdiction over the state claims. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 43–44 (2025). Because the plaintiff is pro se and need not plead his specific legal theories, *Hearns*, 413 F.3d at 1041, the court nonetheless addresses the claims because the plaintiff likely can establish diversity jurisdiction: he is a citizen of California, the amount in controversy exceeds $75,000, and Chase is a national banking association that is a citizen of Ohio. 28 U.S.C. § 1332(a); *Ramos v. U.S. Bank, N.A.*, No. 20-cv-01433-MMC, 2020 WL 3488022, at *1 (N.D. Cal. June 26, 2020) (judicially noticing Chase's citizenship and collecting cases).

Additional potential state claims are defamation through false statements to other financial institutions, intentional infliction of emotional distress, and unfair competition under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200.

The elements of a claim for defamation under California law are (1) a publication, that is (2) false, (3) defamatory, (4) unprivileged, and that (5) has a natural tendency to injure or that causes special damage. *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). The plaintiff must allege facts showing false statements to other financial institutions, not merely his suspicions about disclosure.

The elements of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Kelley v. Conco Cos.*, 196 Cal. App. 4th 191, 215, (2011) (cleaned up). A defendant's conduct is outrageous when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (cleaned up). The plaintiff must provide facts supporting these elements.

There are no predicate claims supporting a claim under the UCL's unlawful prong, the plaintiff does not claim fraud, and any challenges to business practices under the unfair prong overlap with the business practices challenged under the unlawful prong. Courts in this district have held that

---

[7] *Id.* at 2.

where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL do not survive if the claims under the other two prongs do not survive. *Parducci v. Overland Sols., Inc.*, 399 F. Supp. 3d 969, 982 (N.D. Cal. 2019) (collecting cases).

**5. Request for Sealing**

The plaintiff asked for sealing of confidential information, including social-security numbers, and said that he simultaneously filed redacted versions of documents.[8] No documents were filed. The public documents do not reflect any private information. The court denies the motion to seal without prejudice to a fuller showing under Civil Local Rule 79-5.

## CONCLUSION

The plaintiff must file a supplement to his complaint with additional facts to support his claim by July 28, 2025. A failure to do so may result in dismissal of his claims.

**IT IS SO ORDERED.**

Dated: July 11, 2025

LAUREL BEELER
United States Magistrate Judge

---

[8] Mot. – ECF No. 6.